IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| LIZZIE A. MEREDITH, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 3:08CV00046 SWW |
| | * |
| BALDWIN PIANO, INC., | * |
| | * |
| | * |
| Defendant. | * |

**Order**

Before the Court is plaintiff's motion for judgment on the pleadings for defendant's failure to comply with the Court's directive on October 2, 2008, to inform the Court within thirty days of the name and address of its new counsel. *See* docket entry 31. Plaintiff complains she has been unable to conduct necessary discovery to prepare for trial because defendant has no counsel. Defendant failed to respond to the motion.

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law. We must accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Potthoff v. Morin,* 245 F.3d 710, 715 (8th Cir. 2001). The Court cannot find based on the pleadings in this case that plaintiff has clearly established that there is no material issue of fact in dispute and she is entitled to judgment as a matter of law.

The Court finds it more appropriate to consider plaintiff's motion as an application for the entry of default judgment under Fed.R.Civ.P. 55(b)(2). Plaintiff's motion was based on defendant's failure to notify the Court of its substituted counsel. Technically, defendant was in default from the date its counsel was permitted to withdraw without substitution. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 857 (8th Cur. 1996).

Pursuant to Rule 55(b)(2), if the party against whom a default judgment is sought has appeared, that party "must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." By this Order, the Court hereby gives notice to defendant that plaintiff's motion for judgment on the pleadings will be construed as an application for default judgment. **Defendant has eleven (11) days from the date of entry of this Order to show cause why a default judgment should not be entered. The trial of this matter scheduled for January 12, 2009, is continued.**

SO ORDERED this 6th day of January 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE