IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


LIZZIE A. MEREDITH,                           *
                                              *
                                              *
              Plaintiff,                      *
                                              *
vs.                                           *        No. 3:08CV00046 SWW
                                              *
BALDWIN PIANO, INC.,                          *
                                              *
                                              *
              Defendant.                      *


**Order**

Plaintiff filed this employment discrimination complaint on March 25, 2008. The Court

granted her application to proceed *in forma pauperis* and appointed counsel. Plaintiff filed an

amended complaint on May 21, 2008, and defendant filed an answer on June 16, 2008. On October

2, 2008, defendant's counsel was permitted to withdraw without substitution. Defendant was directed

to notify the Court within thirty days of the name and address of its new counsel. Defendant failed

to contact the Court with any information regarding a new attorney, and on December 23, 2008,

plaintiff applied for default judgment.[1] Defendant filed a response to the application and plaintiff

filed a reply. For the reasons stated below, the Court denies the application for default judgment.

Defendant contends default judgment is not appropriate because it demonstrated an intent to

defend the action by filing an answer and responding to plaintiff's motion to compel. Defendant

states it now has retained counsel and intends to cooperate with discovery. Defendant also argues it

---

[1]Plaintiff filed a motion for judgment on the pleadings which the Court interpreted as an application
for default judgment.

has a meritorious defense, *i.e.* a non-discriminatory reason for plaintiff's termination of employment; plaintiff's complaint fails to state a *prima facie* case of race discrimination; technical defaults are not favored; plaintiff's prayer for damages is over $500,000.00 and such an award would be unduly harsh; and plaintiff will suffer no prejudice as she has not been deprived of evidence. Further, defendant contends that its conduct in not responding to the Court's order to identify new counsel within thirty days while perhaps negligent was not contumatious. Defendant's general counsel states she is the sole in-house counsel for defendant and its parent company and is responsible for the companies' legal affairs throughout the world. She states she attempted to find suitable replacement counsel but was unable to do so before receiving the Court's January 6, 2009 Order. She claims she never received any requests for discovery from plaintiff after October 2, 2008, and did not realize she risked default until receiving the January Order.

In reply, plaintiff questions the credibility of defendant's attempts to obtain counsel and claims she is at a disadvantage because, with the passage of time, memories fade, evidence grows cold, and potential witnesses become more difficult to locate.

Default judgments are not favored. *United States v. Harre,* 983 F.2d 128, 130 (8th Cir .1993). The determination of whether a default judgment is warranted is left to the discretion of the Court. Fed.R.Civ.P. 55(b)(2); *Federal Trade Comm'n v. Packers Brand Meats, Inc.,* 562 F.2d 9, 10 (8th Cir.1977). Among the factors a court should consider in deciding default questions are:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good faith mistake or excusable neglect on the part of the defendant. . . . Finally, the court may consider whether it later would be obliged to set

> aside the default on defendant's motion, since it would be meaningless to enter a judgment as a matter of course if that decision meant that the court immediately would be required to take up the question of whether it should be set aside.

10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civ.3d § 2685, pp. 32-41 (1998).

Application of these factors persuades the Court that a default judgment should not be granted in this case. First, the amount of damages requested in plaintiff's complaint is substantial, and it is likely that the Court would have to conduct a hearing under Fed.R.Civ.P. 55(b)(2) to ascertain the amount of damages, if any, to which she would be entitled.[2]  Additionally, several issues of material fact remain to be resolved by the Court, including whether similarly situated employees outside the protected class were treated differently and whether defendant has a meritorious defense. Defendant technically was in default when its counsel was relieved without substitution.  While it offers no excuse of its failure to at least inform the Court of its attempts to obtain counsel, there is no evidence of willful delay or contumacious conduct.  Although plaintiff complains generally about the passage of time making it more difficult to locate witnesses and obtain evidence, plaintiff does not establish she has been substantially prejudiced by the delay.  Finally, if entered in this case, a default judgment could later be set aside upon a showing of "good cause" or "excusable neglect." Fed.R.Civ.P. 55(c).  *See Hoover v. Valley West D M,* 823 F.2d 227, 230 (8th Cir.1987) (district court did not abuse discretion in setting aside default judgment under excusable neglect exception where substantial dollar amount was involved, no prejudice would result if relief were granted, and several meritorious defenses were alleged).

---

[2]Rule 55(b)(2) provides: "The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Therefore, for the reasons stated herein, plaintiff's motion for entry of a default judgment will

be denied, and the Court will enter a new scheduling order setting this case for trial.

SO ORDERED this 30th day of January 2009.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE