IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| LIZZIE A. MEREDITH, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  No. 3:08CV00046 SWW |
| | * |
| BALDWIN PIANO, INC., | * |
| | * |
| Defendant. | * |

**Memorandum Opinion and Order**

Before the Court is defendant's motion for summary judgment to which plaintiff responded. Defendant filed a reply to the response and plaintiff filed a response to the reply. For the reasons stated below, the Court grants the motion for summary judgment.

**Background**

Plaintiff Lizzie A. Meredith ("Meredith") was employed by defendant Baldwin Piano, Inc. ("Baldwin"), in Trumann, Arkansas. Baldwin manufactured pianos. Baldwin's predecessor, Baldwin Piano and Organ Company, originally hired Meredith to work on the vertical piano production line in 1991. She worked on the "plate line" until 2000. During her first thirteen years with Baldwin and its predecessor, Meredith, along with other employees, was laid off on one occasion for business reasons. She was recalled soon thereafter. In December 2004, Baldwin laid off several employees, including Meredith, as part of a reduction-in-force. Baldwin rehired Meredith in March 2006 to work on the vertical piano assembly line. When she returned to work in March 2006, Meredith acknowledged she was an at-will employee and that Baldwin

could alter her job assignments at any time.

Baldwin reduced and eventually eliminated production of vertical pianos at the Trumann facility. In May 2007, Baldwin terminated the employment of fourteen workers, twelve of whom were white. Two of the workers terminated were black, and one of those two was Meredith. Since May 2007, Baldwin's Trumann facility has terminated the employment of at least 100 people.

Meredith filed a charge of race discrimination with the EEOC in October 2007, and filed a *pro se* complaint in federal court on March 25, 2008, after receiving a right-to-sue letter from the EEOC. Appointed counsel filed an amended complaint on May 21, 2008, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000(e); 42 U.S.C. §1981; and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA").

Defendant moves for summary judgment, arguing Meredith cannot establish a *prima facie* case of race discrimination and, even if she can, she has no evidence that Baldwin's reason for terminating her was a pretext for unlawful discrimination. Defendant further argues that because termination was the only claim she presented to the EEOC, Meredith cannot now seek damages based on claims that Baldwin discriminated against her by re-assigning her to various jobs.

**Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As a prerequisite to summary judgment, a moving party must

demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of her pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)).

"[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 587 (citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Discussion**

Meredith claims she was terminated because of her race. In the absence of direct evidence, a plaintiff asserting a claim of race discrimination under Title VII[1] has the initial

---

[1] The framework for analyzing a race discrimination claim brought pursuant to 42 U.S.C. § 1981 is the same as that used for one brought pursuant to Title VII. *See Reedy v. Quebecor Printing Eagle, Inc.,* 333 F.3d 906, 907 (8th Cir. 2003); the *McDonnell Douglas* framework also applies to purposeful employment discrimination on the basis of race under 42 U.S.C. § 1983 and to claims

burden of establishing a *prima facie* case.  A plaintiff establishes a *prima facie* case by showing that: (1) she was a member of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) she has facts that give rise to an inference of discrimination.  *Takele v. Mayo Clinic,* 576 F.3d 834, 838 (8th Cir. 2009).  A plaintiff may establish the fourth prong by producing facts that similarly situated employees outside the protected class were treated differently.  *Id.*  In a reduction-in-force case, the plaintiff must come forward with "some additional evidence" that her race played a role in her termination.  *Chambers v. Metro. Prop. and Cas. Ins.,* 351 F.3d 848, 856 (8th Cir. 2003).

If the plaintiff establishes the elements of a *prima facie* case, then the employer has the burden of producing a legitimate, non-discriminatory reason for the challenged employment action.  *McDonnell Douglas Corp.,* 411 U.S. 792, 802 (1973).  Once the employer satisfies its burden of production, any rebuttable presumption of discrimination disappears, and the plaintiff must prove that the proffered reasons are a pretext for discrimination.  *Id.*  The burden of proof remains at all times with the plaintiff to establish that she was the victim of unlawful discrimination.  *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 5-2 (1993).

Defendant argues plaintiff presents no facts giving rise to an inference of discrimination or any "additional evidence" that race played a role in her termination.  Even if Meredith could set forth a *prima facie* case, defendant argues it had a non-discriminatory reason for terminating her employment and Meredith cannot demonstrate that the reason was pretextual.

---

premised under the Arkansas Civil Rights Act.  *See Henderson v. Simmons Foods, Inc.,* 217 F.3d 612, 615 n.3 (8th Cir. 2000).; *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1056 (8th Cir. 1997).

Plaintiff makes a number of allegations in her response to defendant's motion for summary judgment which she claims support a finding that race played a role in her termination. She argues that Baldwin moved her to the sanding and finishing area, a less desirable position,[2] and then used her inexperience in that position to let her go as part of a forced reduction. She complains that she was given no credit for her seniority with Baldwin when the decision was made to terminate her, and that Baldwin replaced her with white women every time she was moved to a new position.[3] She asserts that Baldwin had more full-time hourly employees in November 2007 than it did when she was let go in May 2007.[4] She claims she has had good evaluations since 2000, that Baldwin had no problems with her performance, and that Baldwin experienced an increase in demand in the high end, grand piano line in 2006 and 2007, an area in which Meredith had experience.[5] This evidence, Meredith asserts, raises an inference that her termination was based on race.

Even assuming Meredith can establish a *prima facie* case, the Court finds Baldwin has articulated a legitimate, nondiscriminatory reason for Meredith's discharge. Baldwin says that Meredith's termination was part of a larger reduction-in-force that took place in May 2007. A

---

[2]Plaintiff complains that she was not provided the type of dust mask she requested while working in the finishing department. She does not dispute that Baldwin provided a box of masks for employees to wear and that she wore one of those masks; she says she would have preferred a different kind of mask.

[3]Plaintiff complains about being moved to various jobs within Baldwin. To the extent she asserts discrimination as to job assignments and transfers, such a claim is beyond the scope of her EEOC charge.

[4]Although Baldwin had more full-time employees in November 2007 than in May 2007, it had fewer employees overall. *See* Def's. Notice of Dep. Excerpts (doc. 56-2), Sowell Dep. at 17.

[5]The testimony establishes that while Baldwin experienced an increase in the number of requests for custom grand pianos in 2007, the total number of orders for all grand pianos (custom and non-custom) decreased.

reduction-in-force is a legitimate, non-discriminatory reason for termination. *Hesse v. Avis Rent-A-Car Sys.,* 394 F.3d 624, 631 (8th Cir. 2005). Meredith has the burden to produce evidence sufficient to create a genuine issue of material fact regarding whether Baldwin's reason for her termination was pretextual.

The evidence is undisputed that Baldwin terminated thirteen other workers in May 2007, twelve of whom were white. Meredith herself acknowledged to the unemployment office and on a job application that her employment with Baldwin ended because it no longer needed her, and during her employment with Baldwin, Meredith never once complained about unfair treatment. The Court finds that Meredith has failed to come forward with credible evidence that Baldwin's decision to terminate her employment was based on race.

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [docket entry 53] be and is hereby granted. Judgment will be entered for defendant.

DATED this 23rd day of November, 2009.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE