IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| LIZZIE A. MEREDITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:08CV00046 SWW |
| | * | |
| BALDWIN PIANO, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

Before the Court is a bill of costs filed by Baldwin Piano, Inc. to which plaintiff responded in opposition.

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Rule 54(d). *Zotos v. Lindbergh School Dist.,* 121 F.3d 356 (8th Cir. 1997). Generally, only two reasons justify denying costs to the prevailing party: (1) misconduct by the prevailing party worthy of a penalty and (2) the losing party's inability to pay. *Congregation of the Passion v. Touche, Ross & Co.,* 854 F.2d 219 (7th Cir. 1988).

Baldwin Piano, Inc. seeks fees in the amount of $912.70 for transcripts of three depositions and copies. Plaintiff objects to having to pay for her deposition, saying that because of defendant's methods, the deposition was unusually long and repetitive, and little of it was used in support of defendant's motion for summary judgment. In addition, plaintiff argues she is of modest means and brought her claims of discrimination in good faith.

Actual indigency, not merely limited financial resources must be demonstrated to overcome the presumption favoring award of costs. *Sanglap v. LaSalle Bank, FSB,* 194 F.Supp.2d 798, 801 (N.D.Ill. 2002) (citing *McGill v. Faulkner,* 18 F.3d 456, 457 (7th Cir.), *cert. denied,* 513 U.S. 889 (1994). *See Galvan v. Cameron Mut. Ins. Co.,* 831 F.2d 804, 805-06 (8th Cir. 1987)(per curiam)(appellate courts may assess costs against in forma pauperis litigants). Plaintiff fails to establish that she is incapable of paying costs at this time or in the future. The Court finds defendant is entitled to costs in the amount of $912.70.

IT IS THEREFORE ORDERED that defendant's motion for bill of costs [docket entry 76] is granted.

DATED this 26th day of January, 2010.

                                            /s/Susan Webber Wright
                                       UNITED STATES DISTRICT JUDGE